IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CAROL MILLER,** individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>**BATH FITTER TENNESSEE, INC.**, a Tennessee corporation, and **BATH FITTER MANUFACTURING INC.**, a Delaware corporation<br><br>*Defendants,* | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

## CLASS ACTION COMPLAINT

Plaintiff Carol Miller ("Plaintiff" or "Plaintiff Miller") brings this Class Action Complaint and Demand for Jury Trial against Defendant Bath Fitter Tennessee Inc. and Defendant Bath Fitter Manufacturing Inc. (collectively referred to as "Defendants" or "Bath Fitter") to stop the Defendants from violating the Telephone Consumer Protection Act ("TCPA") by making pre-recorded telemarketing calls without prior express written consent, including to consumers who registered their phone numbers on the National Do Not Call registry ("DNC"). Plaintiff also seeks injunctive and monetary relief for all persons injured by Defendants' conduct. Plaintiff, for this Complaint, alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

## PARTIES

1. Plaintiff Carol Miller is a resident of Etters, Pennsylvania.

2. Defendant Bath Fitter Tennessee, Inc. is a Tennessee registered corporation with its principal place of business located at 102, Evergreen DR, Springfield, Tennessee 37172-5861. Bath Fitter conducts business throughout this District, Pennsylvania, and the U.S.

3. Defendant Bath Fitter Manufacturing Inc. is a Delaware registered corporation with its principal place of business located at 102, Evergreen DR, Springfield, Tennessee 37172-5861. Bath Fitter conducts business throughout this District, Pennsylvania, and the U.S.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

5. This Court has personal jurisdiction over the Defendants because the Defendants conduct business in this District and because wrongful conduct giving rise to this case was directed to and received in this District, and venue is proper in this District under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claim occurred in this District.

## INTRODUCTION

6. As the Supreme Court explained at the end of its term this year, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back." *Barr v. Am. Ass'n of Political Consultants*, No. 19-631, 2020 U.S. LEXIS 3544, at *5 (U.S. July 6, 2020).

7. The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

8. A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id*.

9. When Congress enacted the TCPA in 1991, it found that telemarketers called more than 18 million Americans every day. 105 Stat. 2394 at § 2(3).

10. By 2003, due to more powerful autodialing technology, telemarketers were calling 104 million Americans every day. *In re Rules and Regulations Implementing the TCPA of 1991*, 18 FCC Rcd. 14014, ¶¶ 2, 8 (2003).

11.     The problems Congress identified when it enacted the TCPA have only grown exponentially in recent years.

12.     Industry data shows that the number of robocalls made each month increased from 831 million in September 2015 to 4.7 billion in December 2018—a 466% increase in three years.

13.     According to an online robocall tracking service, 3.3 billion robocalls were placed in June 2020 alone, at a rate of 111.2 million per day. www.robocallindex.com (last visited July 28, 2020).

14.     The FCC also has received an increasing number of complaints about unwanted calls, with 150,000 complaints in 2016, 185,000 complaints in 2017, and 232,000 complaints in 2018.  FCC, Consumer Complaint Data Center, www.fcc.gov/consumer-help-center-data.

15.     "Robocalls and telemarketing calls are currently the number one source of consumer complaints at the FCC."  Tom Wheeler, *Cutting off Robocalls* (July 22, 2016), statement of FCC chairman.

16.     "The FTC receives more complains about unwanted calls than all other complaints combined."  Staff of the Federal Trade Commission's Bureau of Consumer Protection, *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* Notice of Proposed Rulemaking, CG Docket No. 02-278, at 2 (2016).

**COMMON ALLEGATIONS**

17.     Defendants Bath Fitter are a bathroom remodeling products manufacturer and seller.

18.     Defendants operate from around 200 retail locations to sell their products to consumers.[1]

19.     Defendants place outbound telemarketing calls to consumers nationwide to generate sales, as per Plaintiff's experience.

---

[1] https://www.linkedin.com/company/bath-fitter/about/

20. The express purpose of these calls is to solicit call recipients to purchase Defendants' products.

21. These calls use artificial and/or pre-recorded voices.

22. Neither Plaintiff nor the members of the proposed Classes ever provided the Defendants and/or their agents with prior express written consent to receive the telephone calls at issue.

23. The Defendants do not have any record of express written consent to place telemarketing calls, or calls featuring an artificial or pre-recorded voice, to Plaintiff or to members of the proposed Classes.

24. Bath Fitter employees have posted complaints online about making calls to consumers who do not want to be called. These calls often start with a pre-recorded message and are transferred to an agent only if the consumer answers the call.



**Bath Fitter Employee**
19 Feb 2020
-1

I work for Bath Fitter. Just tell us "Do not call me or send me mail" We will never contact you again. If you say "Not Interested" our system calls you back in a few months. We call 3 times a day. The employees have no say who we call. It's all automated. Remember "DO NOT CALL OR SEND ME MAIL" Not interested doesn't mean do not call in our system.

Caller: Bath Fitter
Call type: Telemarketer

2

**Sad**

Customer Service Representative/ Telemarketer (Former Employee) - Lewisberry, PA - April 28, 2021

This place is not for everyone. They make cold calls even to people who've asked to be removed from the list, they don't pay well, they encourage you to lie to clients to build rapport. Upper management are nice people but the business practices are horrible and dishonest.

3

---

[2] https://800notes.com/Phone.aspx/1-888-713-0083/3
[3] https://www.indeed.com/cmp/Bath-Fitter/reviews

**It's not a place you want to stay**

Call Center Representative (Former Employee) - Lewisburg, PA - April 12, 2021

There's absolutely no way you can actually move up like they tell you in the interview. You get put on the same old calls that everyone has been calling and the people you call are obviously very irritated because they keep getting called by BF. they also play favorites here and that's a big reason why I had to leave. [4]

**The good, the bad, the ugly**

Customer Service Representative (Former Employee) - Etters, PA - January 30, 2018

The good parts about working at the Bath Fitter call center are the set 8 hour shifts for full-time or 4.5 hours for part-time. Some of the managers are friendly and helpful. They hire quickly so if you're in need of a job you'll get the job within a week. It's good to gain skills and experience for a better call center job. Occasional lunches provided by the company.

The bad parts about working for Bath fitter are the expectations set by corporate. You are trained to be aggressive towards potential customers in order to set leads for the sales reps. Your job is to convince people to have a sales rep come to their home for a sales pitch whether they want it or not. It can be very uncomfortable because you are instructed to continue your pitch even if the potential customer says they are too busy to talk or even if they tell you they are at a funeral (seriously, even if they tell you they are at their mother's funeral you have to say "I'll be brief" and continuing pitching the free demo). It feels rude doing it and is definitely soul draining. You also cannot answer certain questions like the average cost and have to argue with people about these details. The managers will get mad at you for putting people on the Do Not Call List even when the potential customers request it. [5]

## PLAINTIFF'S ALLEGATIONS

25. Plaintiff registered her cell phone number on the DNC on December 15, 2013.

26. Plaintiff uses her cell phone number for personal use only. It is not associated with a business.

27. Plaintiff has received a series of unsolicited telemarketing calls to her cell phone number since January of 2021.

---

[4] https://www.indeed.com/cmp/Bath-Fitter/reviews
[5] https://www.indeed.com/cmp/Bath-Fitter/reviews

28. On January 5, 2021, the Plaintiff received a call from the phone number 717-831-9762 to her cell phone. She did not answer this call and a voicemail with a pre-recorded voice message was sent to her cell phone and Plaintiff listened to the full message.

29. Plaintiff received further unsolicited calls from Defendants Bath Fitter, from phone number 717-831-9762 on:

- February 5, 2021, at 5:41 PM
- March 10, 2021, at 3:21 PM
- April 10, 2021, at 11:18 AM
- May 10, 2021, at 2:39 PM



30. When the phone number 717-831-9762 is called back, an automated system identifies the company as Bath Fitter and directs the caller speak with one of the Defendants' employees.

31. At no time did Plaintiff provide prior express written consent to receive pre-recorded or other telemarketing calls from the Defendants.

32. The unauthorized telephone calls that Plaintiff received from Bath Fitter as alleged herein, have harmed Plaintiff in the form of annoyance, nuisance, and invasion of privacy, and disturbed the use and enjoyment of her phone, in addition to the wear and tear on the phone's hardware (including the phone's battery) and the consumption of memory on the phone.

33. Defendants Bath Fitter were and are aware that the above-described telephone calls are being made either by them directly, or made on their behalf, and that the telephone calls were being made to consumers who had not provided prior express written consent to receive them.

## CLASS ACTION ALLEGATIONS

34. Plaintiff brings this action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) and seeks certification of the following Classes:

> **Pre-recorded No Consent Class:** All persons in the United States who from four years prior to the filing of this action through trial (1) Defendants called (2) using a pre-recorded voice message, (3) on their cellular telephone number.
>
> **Do Not Call Registry Class:** All persons in the United States who from four years prior to the filing of this action through trial (1) Defendants called more than one time, (2) within any 12-month period, (3) where the person's telephone number had been listed on the National Do Not Call Registry for at least thirty days, (4) for substantially the same reason the Defendants called the Plaintiff.

35. The following individuals are excluded from the Classes: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendants, their subsidiaries, parents, successors, predecessors, and any entity in which either Defendants or their parents have a controlling interest and their current or former employees, officers and directors;

(3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Classes; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against the Defendants have been fully and finally adjudicated and/or released. Plaintiff anticipates the need to amend the Class definition following appropriate discovery.

36. **Numerosity and Typicality**: On information and belief, there are hundreds, if not thousands of members of the Classes such that joinder of all members is impracticable, and Plaintiff is a member of both Classes.

37. **Commonality and Predominance**: There are many questions of law and fact common to the claims of the Plaintiff and the Classes, and those questions predominate over any questions that may affect individual members of the Classes. Common questions for the Classes include, but are not necessarily limited to the following:

  (a) whether the Defendants placed pre-recorded voice message calls to Plaintiff and members of the Pre-recorded No Consent Class;

  (b) whether the Defendants placed multiple calls within a 12-month period to Plaintiff and other consumers whose telephone numbers were registered with the National Do Not Call Registry for at least 30 days at the time of each call;

  (c) whether the Defendants made these calls without first obtaining prior express written consent;

  (d) whether Defendants' conduct violated the TCPA; and

  (e) whether members of the Class are entitled to treble damages based on the willfulness of Defendants' conduct.

38. **Numerosity and Ascertainability**: The exact sizes of the Classes are unknown and not available to Plaintiff at this time, but it is likely that the Defendants made telephone calls to thousands of consumers who fall into each of the Classes, such that individual joinder of all members is impracticable. Members of the Classes can be identified through the Defendants' records.

39.     **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Classes, and has retained counsel competent and experienced in class actions. Plaintiff has no interests antagonistic to those of the Classes, and the Defendants have no defenses unique to Plaintiff. Plaintiff and her counsel are committed to vigorously prosecuting this action on behalf of the members of the Classes, and have the financial resources to do so. Neither Plaintiff nor her counsel have any interest adverse to the Classes.

40.     **Appropriateness**: This class action is also appropriate for certification because the Defendants have acted or refused to act on grounds generally applicable to the Classes and as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Classes and making final class-wide injunctive relief appropriate. Defendants' business practices apply to and affect the members of the Classes uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Classes as a whole, not on facts or law applicable only to Plaintiff. Additionally, the damages suffered by individual members of the Classes will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendants' actions. Thus, it would be virtually impossible for the members of the Classes to obtain effective relief from Defendants' misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

**FIRST CLAIM FOR RELIEF**
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff and the Pre-recorded No Consent Class)**

41.     Plaintiff repeats and realleges the prior allegations of this Complaint and incorporates them by reference herein.

42.     The Defendants and/or their agents made unwanted solicitation telephone calls to Plaintiff and the other members of the Pre-recorded Class in an effort to sell goods and services.

43.     These calls used artificial or pre-recorded voices.

44. These pre-recorded voice calls were made without the prior express written consent of Plaintiff and the other members of the Pre-recorded Class.

45. The Defendants have, therefore, violated 47 U.S.C. §§ 227(b)(1)(A)(iii) and (b)(1)(B).  As a result of the Defendants' conduct, Plaintiff and the other members of the Pre-recorded Class are each entitled to a minimum of $500 in damages, and up to $1,500 in damages, for each violation.

**SECOND CLAIM FOR RELIEF**
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff and the Do Not Call Registry Class)**

46. Plaintiff repeats and realleges the prior allegations of this Complaint and incorporates them by reference herein.

47. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

48. Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object.  47 U.S.C. § 227(c).

49. The Defendants have violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiff Miller and the Do Not Call Registry Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

50. The Defendants have violated 47 U.S.C. § 227(c)(5) because Plaintiff Miller and the Do Not Call Registry Class received more than one telephone call in a 12-month period made

by or on behalf of the Defendants in violation of 47 C.F.R. § 64.1200, as described above.

51. As a result of the Defendants' conduct as alleged herein, Plaintiff Miller and the Do Not Call Registry Class suffered actual damages and, under section 47 U.S.C. § 227(c), are entitled, inter alia, to receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200.

52. To the extent the Defendants' misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the Do Not Call Registry Class.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff individually and on behalf of the Classes, prays for the following relief:

a) An order certifying this case as a class action on behalf of the Classes as defined above; appointing Plaintiff as the representative of the Classes; and appointing her attorneys as Class Counsel;

b) An award of actual and/or statutory damages and costs;

c) Enhanced damages for willful misconduct, up to treble the amount of statutory damages;

d) An award of attorney's fees;

e) An order declaring that the Defendants' actions, as set out above, violate the TCPA;

f) An injunction requiring the Defendants to cease all unsolicited calling activity, and to otherwise protect the interests of the Classes; and

g) Such further and other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff requests a jury trial.

**CAROL MILLER**, individually and on behalf of all others similarly situated,

DATED this 14th day of June, 2021.

        By: /s/   <u>Andrew Carroll</u>
        Andrew M. Carroll
        Carroll Law Office, P.C.
        427 N Packard St.
        Hammonton, NJ 08037
        856-426-9815
        Fax: 856-997-1031
        Email: andrewcarrollesq@gmail.com

        Avi R. Kaufman*
        KAUFMAN P.A.
        400 NW 26th Street
        Miami, FL 33127
        Telephone: (305) 469-5881
        kaufman@kaufmanpa.com

        *Attorneys for Plaintiff and the putative Classes*

        **Pro Hac Vice motion forthcoming*