IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CAROL MILLER,** individually and on behalf of all others similarly situated, | Case No. 1:21-cv-01072-JPW |
| *Plaintiff,* | |
| | JUDGE JENNIFER P. WILSON |
| *v.* | |
| **BATH SAVER, INC.** and **BATH FITTER MANUFACTURING INC.,** | ELECTRONICALLY FILED |
| *Defendants.* | |

**ORDER GRANTING**
**PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

This Court has reviewed the motion for preliminary approval of class settlement filed in this litigation, including the Class Action Settlement Agreement ("Settlement Agreement").[1]  Based on this review and the findings below, the Court finds good cause to grant the motion.

**FINDINGS:**

1.      The Court hereby preliminarily approves the Settlement Agreement and the terms and conditions of settlement set forth therein, subject to further consideration at the Final Approval Hearing.

2.      The Court has conducted a preliminary assessment of the fairness, reasonableness, and adequacy of the Settlement Agreement and hereby finds that

---

[1] Capitalized terms in this Order, unless otherwise defined, have the same definitions as those terms in the Settlement Agreement.

the settlement falls within the range of reasonableness meriting possible final approval.  The Court therefore preliminarily approves the proposed settlement as set forth in the Settlement Agreement.

3.      The Notice, Summary Notice and Claim Form (all attached to the Settlement Agreement), and their manner of transmission, comply with Rule 23 and due process because the notices and form are reasonably calculated to adequately apprise class members of (i) the pending lawsuit, (ii) the proposed settlement, and (iii) their rights, including the right to either participate in the settlement, exclude themselves from the settlement, or object to the settlement.

4.      For settlement purposes only, the Settlement Class is so numerous that joinder of all Settlement Class Members is impracticable.

5.      For settlement purposes only, Representative Plaintiff's claims are typical of the Settlement Class Member claims.

6.      For settlement purposes only, there are questions of law and fact common to the Settlement Class which predominate over any questions affecting only individual Settlement Class Members.

7.      For settlement purposes only, class certification is superior to other available methods for the fair and efficient adjudication of the controversy.

**IT IS ORDERED THAT:**

5.      **Settlement Approval**.  The Settlement Agreement, including the Claim Form, Notice, and Summary Notice attached to the Settlement Agreement as Exhibits A-C are preliminarily approved.

6.      **Appointment of the Settlement Administrator and the Provision of Class Notice**.  Epiq Class Action and Claims Solution is appointed as the Settlement Administrator.   The Settlement Administrator will notify Class Members of the settlement in the manner specified in the Settlement Agreement. The Court further finds that the Notice Plan described in the Settlement Agreement is the best practicable under the circumstances. The Notice Plan is reasonably calculated under the circumstances to inform the Class of the pendency of the litigation, certification of a Settlement Class, the terms of the settlement, Class Counsel's fee application, and motion for service payment, the claim process, and their rights to opt-out of the Class or object to the Settlement. The Notice and Notice Plan constitute sufficient notice to all persons entitled to notice. The Notices and Notice Plan satisfy all applicable requirements of law, including, but not limited to, Federal Rule of Civil Procedure 23 and the Constitutional requirement of due process.

7.      **Claim for a Settlement Award**.  Class Members who want to receive an award under the Settlement Agreement must accurately complete and

submit a Claim Form to the Settlement Administrator  30  days prior to the Final Approval Hearing, as specified in the Notice.

**8.** **Objection to Settlement**.   Any Class Member who has not submitted a timely written exclusion request pursuant to paragraph 13 below and who wishes to object to the fairness, reasonableness, or adequacy of the Settlement Agreement, the fees, costs, and expenses award must have their objection filed with the Court or delivered to the Clerk's Office of the United States District Court for the Middle District of Pennsylvania, Harrisburg Division, 228 Walnut Street, P.O. Box 983, Harrisburg, PA 17108 by no later than the Opt-Out Deadline. 9.2.2       Any objection regarding or related to the Agreement shall contain a caption or title that identifies it as "Objection to Class Settlement in *Miller v. Bath Saver, Inc.*, No. 1:21-cv-01072-JPW" and also shall contain the following information: (i) the objector's name, address, and telephone number; (ii) the name, address, and telephone number of any attorney for the objector with respect to the objection; and (iii) the factual basis and legal grounds for the objection, including any documents sufficient to establish the basis for his or her standing as a Settlement Class Member, including the phone number(s) at which he or she received calls covered by this Settlement.  If an objecting party chooses to appear at the hearing, no later than the Opt-Out Deadline, a notice of intention to appear, either in person or through an attorney, must be filed with the

Court and list the name, address, and telephone number of the person and attorney, if any, who will appear.

9.      **Failure to Object to Settlement.**  Class Members who fail to object to the Settlement Agreement in the manner specified above will: (1) be deemed to have waived their right to object to the Settlement Agreement; (2) be foreclosed from objecting (whether by a subsequent objection, intervention, appeal, or any other process) to the Settlement Agreement; and (3) not be entitled to speak at the Final Approval Hearing.

10.     **Requesting Exclusion**.  Class Members may elect not to be part of the Class and not to be bound by this Settlement Agreement.  Any Class Member who does not wish to participate in this Settlement must write to the Settlement Administrator stating an intention to be "excluded" from this Settlement.  This written request for exclusion must be sent via first class United States mail to the Settlement Administrator at the address set forth in the Notice and delivered no later than the Opt-Out Deadline.  A request for exclusion must be signed by the Settlement Class Member, and must include the Settlement Class Member's name, address, and the telephone number that allegedly received a call or calls from Defendants during the Settlement Class Period, and must clearly state that the Person wishes to be excluded from the Litigation and the Agreement.  A request for exclusion that does not include all of this information, or that is sent to an address other than that designated in the Notice, or that is not received

within the time specified, shall be invalid, and the Person serving such a request shall be a member of the Settlement Class and shall be bound as a Settlement Class Member by the Court's orders in this Litigation and by this Agreement, if approved. The request for exclusion must be personally signed by the Settlement Class Member. So-called "mass" or "class" opt-outs shall not be allowed.

**11.    Provisional Certification**. The Settlement Class is provisionally certified as a class of all persons in the United States (1) who were called by Defendants or either Defendant two or more times in a twelve-month period on a telephone number that had been registered with the National Do Not Call Registry for more than thirty days and (2) for whom (a) there is no record of having written consent to call and/or (b) a record exists of the person requesting to not be called. Excluded from the Settlement Class are (1) the Judges and Magistrate Judges presiding over the action and members of their immediate families; (2) Defendants, their parent companies, successors, predecessors, and any entities in which the Defendants or their parents have a controlling interest, and Defendants' current and former officers, directors, agents, trustees, representatives, employees, principals, partners, joint ventures, and entities controlled by Defendants; (3) persons who properly execute and timely file a request for exclusion from the Settlement Class; and (4) the legal representatives, successors, or assigns of any such excluded person(s).

**12.     Appointment of Class Representative and Class Counsel**.  The Court appoints Plaintiff Miller as Representative Plaintiff, and Avi R. Kaufman, Kaufman P.A., and Stefan Coleman, Coleman PLLC, as Class Counsel. Representative Plaintiff and Class Counsel must fairly and adequately protect the Settlement Class's interests.

**13.     Stay of Other Proceedings**.  The Court hereby orders that any actions or proceedings in any court in the United States involving any Released Claims asserted by any Releasing Parties, except any matters necessary to implement, advance, or further the approval of the Settlement Agreement are stayed pending the Final Approval Hearing and issuance of any final order and judgment.

**14.     Termination**.  If this Agreement is not approved by the Court or the Settlement is terminated or fails to become effective in accordance with the terms of this Agreement, the Settling Parties shall be restored to their respective positions in the Litigation as of July 12, 2022.  In such event, the terms and provisions of this Agreement will have no further force and effect with respect to the Settling Parties and shall not be used in this Litigation or in any other proceeding for any purpose, and any Judgment or order entered by the Court in accordance with the terms of this Agreement shall be treated as vacated.

**15.     No Admissions.**  Nothing in this Order is, or may be construed as, an admission or concession on any point of fact or law by or against any Party.

**16.     Stay of Dates and Deadlines.**    All discovery and pretrial proceedings and deadlines are stayed and suspended until further notice from the Court, except for such actions as are necessary to implement the Settlement Agreement and this Order. Pending final determination of whether the Settlement should be approved, Representative Plaintiff, all persons in the Class, and persons purporting to act on their behalf are enjoined from commencing or prosecuting (either directly, representatively or in any other capacity) against any of the Released Parties any action or proceeding in any court, arbitration forum or tribunal asserting any of the Released Claims.

**17.     Modifications.**  Counsel for the Parties are hereby authorized to utilize all reasonable procedures in connection with the administration of the settlement which are not materially inconsistent with either this Order or the terms of the Agreement.   The Parties may further modify the Settlement Agreement prior to the Final Approval Hearing so long as such modifications do not materially change the terms of the settlement provided therein.   The Court may approve the Settlement Agreement with such modifications as may be agreed to by the Parties, if appropriate, without further notice to Class Members.

**18.     Final Approval Hearing**.  On  February_____ (month) 2___ (day), 2023, at _9:30 a.m.__, this Court will hold a Final Approval Hearing to determine

25

whether the Settlement Agreement should be finally approved as fair, reasonable, and adequate.  Plaintiff's and Class Counsel's motion for attorneys' fees and expenses for Class Counsel shall be filed _65_ calendar days before the Final Approval Hearing.  Plaintiff's motion in support of the Final Judgment shall be filed __15__ calendar days before the Final Approval Hearing.  This Court may order the Final Approval Hearing to be postponed, adjourned, continued, or set for remote appearances.  If that occurs, the updated hearing date or location shall be posted on the Class Settlement Website, but other than the website posting, the Parties will not be required to provide any additional notice to Class Members.

**19.    Summary Timeline.**  This Order provides for the following timeline dates and deadlines related to the provision of notice and the Final Approval Hearing:

| Event | Date |
|---|---|
| Notice Date | November 3, 2022 |
| Deadline for filing papers in support of Plaintiff and Class Counsel's application for an award of attorneys' fees and expenses and/or service payment | November 29, 2022 |
| Claims Deadline | January 3, 2023 |
| Opt-Out Deadline | January 3, 2023 |
| Deadline for filing Motion for Final Approval | January 18, 2023 |
| Responses to Objections | January 26, 2023 |

| Final Approval Hearing | February 2, 2023, at 9:30 a.m. |
| --- | --- |

DONE AND ORDERED on <u>October 4</u>, 2022.

    <u>s/Jennifer P. Wilson</u>
    JENNIFER P. WILSON
    UNITED STATES DISTRICT JUDGE