IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CAROL MILLER,** individually and on behalf of all others similarly situated,<br><br>*Plaintiff,*<br><br>v.<br><br>**BATH SAVER, INC.** and **BATH FITTER MANUFACTURING INC.,**<br><br>*Defendants.* | Case No. 1:21-cv-01072-JPW<br><br><br>JUDGE JENNIFER P. WILSON<br><br>ELECTRONICALLY FILED |

## ORDER GRANTING FINAL APPROVAL TO CLASS ACTION SETTLEMENT AND FINAL JUDGMENT

This Court has reviewed the motion for final approval of class settlement filed in this Litigation, including the Class Action Settlement Agreement ("Settlement Agreement").[1] Also pursuant to the Court's Preliminary Approval Order, Plaintiff timely moved for attorneys' fees and expenses and a service award to Class Representative, which came for hearing during the Final Fairness Hearing. Having read all of the papers filed in connection therewith, as well as all of the evidence and argument submitted with respect to the proposed Settlement, the Court finds that the proposed Settlement is fair, reasonable, and adequate. The Court therefore FINDS AS FOLLOWS:

1.  The Court has personal jurisdiction over all Settlement Class

---

[1] Capitalized terms in this Order, unless otherwise defined, have the same definitions as those terms in the Settlement Agreement.

Members, and the Court has subject-matter jurisdiction to approve the Agreement, including all exhibits thereto.

2. The Notice and the Notice Plan implemented pursuant to the Agreement (1) constitute the best practicable notice under the circumstances; (2) constitute notice that is reasonably calculated, under the circumstances, to apprise members of the Settlement Class of the pendency of the Litigation, their right to object to or exclude themselves from the proposed Settlement, and to appear at the Final Approval Hearing; (3) are reasonable and constitute due, adequate, and sufficient notice to all Persons entitled to receive notice; and (4) meet all applicable requirements of the Federal Rules of Civil Procedure, the Due Process Clause of the United States Constitution, and the rules of the Court.

3. Pursuant to Fed. R. Civ. P. 23, and for purposes of this settlement only:

>  a. The Settlement Class consists of all persons in the United States (1) who were called by Defendants or either Defendant two or more times in a twelve-month period on a telephone number that had been registered with the National Do Not Call Registry for more than thirty days and (2) for whom (a) there is no record of having written consent to call and/or (b) a record exists of the person requesting to not be called.
>
>  b. The Settlement Class is ascertainable and so numerous that

joinder of all members is impracticable. The Settlement Class consists of thousands of class members and the Class Members have been determined by objective means.

c. There are questions of law or fact common to the Settlement Class. These questions are directly guided by Plaintiff's claims and Defendants' defenses, and are subject to class wide resolution based on common evidence, including whether Defendants made the calls for telemarketing purposes; whether Defendants maintained adequate TCPA compliance policies and procedures; whether Bath Fitter could be vicariously liable for calls initiated by Bath Saver; and whether Bath Saver called Plaintiff and other consumers on the National Do Not Call registry.

d. The claims of the proposed class representative are typical of the claims of the Settlement Class. The proposed class representative and each member of the proposed Settlement Class are alleged to have suffered the same injury caused by the same course of conduct.

e. Plaintiff has fairly and adequately represented and protected the interests of the Settlement Class. Plaintiff is a member of the proposed Settlement Class. Neither Plaintiff nor Class Counsel

       have any conflicts of interest with the other class members, and Class Counsel have demonstrated that they have adequately represented the Settlement Class.

    f.  The questions of law or fact common to the members of the Settlement Class predominate over any questions affecting only individual members.

    g.  A class action is superior to other available methods for the fair and efficient adjudication of the controversy as the Settlement substantially benefits both the litigants and the Court, and there are few manageability issues as settlement is proposed rather than a further trial.

    4.    Pursuant to Fed. R. Civ. P. 23(e), the Settlement Agreement is, in all respects, fair, reasonable, and adequate, and is in the best interests of all Settlement Class Members, taking into account the following factors: (1) the complexity and duration of the litigation; (2) the reaction of the class to the settlement; (3) the stage of the proceedings; (4) the risks of establishing liability; (5) the risks of establishing damages; (6) the risks of maintaining a class action; (7) the ability of the defendants to withstand a greater judgment; (8) the range of reasonableness of the settlement in light of the best recovery; and (9) the range of reasonableness of the settlement in light of all the attendant risks of litigation. The Court further considered whether: (A) the class representatives and class

counsel have adequately represented the class; (B) the proposal was negotiated at arm's length; (C) the relief provided by the settlement is adequate, taking into account: (i) the costs, risks, and delay of trial and appeal, (ii) the effectiveness of any proposed method of distributing relief including the method of processing class-member claims, if required, (iii) the terms of any proposed award of attorneys' fees, including timing of payment, and (iv) any agreement required to be identified under Rule 23(e)(3) made in connection with the proposed settlement; and (D) the proposal treats class members equitably relative to each other.

5. The plan for distribution of the Settlement Fund is fair and equitable. The Settlement Administrator shall perform the distribution to Settlement Class Members following the process set forth in the Settlement Agreement without further order of this Court.

6. Settlement Class Members have been given due and adequate notice of the Settlement Agreement.

7. There are no objections.

8. There are 10 opt-outs.

9. The Court has held a hearing to consider the fairness, reasonableness, and adequacy of the proposed settlement.

10. Having considered the motion for a service award, a class representative service award in the amount of $5,000 payable to Plaintiff is approved as fair and reasonable, in light of the results that were obtained under the Settlement Agreement and risks faced. The Court further finds that service payment is a fair and reasonable incentive award because of Plaintiff's investment and involvement in all aspects of the litigation.  The award also comports with service awards made in other TCPA class-action settlements. Accordingly, the Court approves that amount as the Service Payment and directs that it be paid pursuant to the terms of the Settlement Agreement.

11. Under the Settlement Agreement, Class Counsel is permitted to seek Court approval of attorneys' fees and documented and reasonable expenses and costs.  Having considered the Motion for an Award of Attorneys' Fees and Expenses and considering the percentage of the fund, the quality of representation provided, the results obtained, the risk of nonpayment, the time and effort invested, as well as a number of other factors, Class Counsel is awarded attorneys' fees of $650,000, reimbursement of costs and expenses of $19,350.60, representing fair and reasonable compensation and reimbursement for Class Counsel's efforts in investigating, litigating and settling this action.

12. All payments of attorneys' fees and reimbursement of expenses to Class Counsel in this action shall be made from the Settlement Fund, and the

Released Parties shall have no liability or responsibility for the payment of Class Counsel's attorneys' fees or expenses except as provided in the Settlement Agreement.

13. Under the Settlement Agreement, the Settlement Administrator shall be paid exclusively from the Settlement Fund. The Settlement Administration Expenses are $288,396. Those costs are reasonable in light of the costs for, among other things, emailed and mailed notice, claim verification, and distribution of settlement funds to more than two hundred thousand Class Members.

14. Accordingly, the Court hereby finally APPROVES the proposed settlement as reflected in the Settlement Agreement, the respective terms of which, including but not limited to the releases, are hereby incorporated by reference as though fully set forth herein.

15. The Court having granted final approval to the Settlement Agreement, it is hereby **ORDERED**, **ADJUDGED** and **DECREED** as follows:

16. Immediately upon entry of this Final Judgment by the Clerk, this action shall be closed according to the Court's standard practices.

17. The Settlement Agreement is approved as fair, reasonable, and adequate as to, and in the best interests of, Settlement Class Members; the Parties and their counsel are directed to implement and consummate the Agreement according to its terms and provisions; and the Agreement is declared to be

binding on, and have preclusive effect on all pending and future lawsuits or other proceedings maintained by or on behalf of Representative Plaintiff and the Releasing Parties.

18. The Parties are hereby directed to implement and consummate the Agreement, including to take all actions required under the terms and provisions of the Settlement Agreement.

19. To the extent permitted by law and without affecting the other provisions of this Final Judgment, this Final Judgment is intended by the Parties and the Court to be *res judicata*, and to prohibit and preclude any prior, concurrent or subsequent litigation brought individually, or in the name of, and/or otherwise on behalf of the Settlement Class Members with respect to any and all claims, rights, demands, actions, causes of action, suits, debts, liens, contracts, liabilities, agreements, costs, expenses or losses arising out of or relating to the claims released under the Settlement Agreement.

20. All persons who are Settlement Class Members are bound by this Final Judgment and are enjoined from instituting, maintaining, prosecuting, or enforcing, either directly or indirectly, any claims discharged by the Settlement Agreement.

21. The Court shall retain continuing jurisdiction over this action as to the following matters: (i) enforcement of the terms of the Settlement Agreement;

(ii) issues relating to settlement administration; and (iii) enforcement of this Final Approval Order and Judgment, and any order relating to attorneys' fees.

22. This Action (including all individual claims and Settlement Class Member claims asserted therein) is hereby dismissed on the merits and with prejudice, without fees or costs to any Party, except as provided in the Settlement Agreement. No just reason exists for delay in entering this Final Judgment.

DONE AND ORDERED on March 6, 2023.

_____
JENNIFER P. WILSON
UNITED STATES DISTRICT JUDGE